## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

| | |
|---|---|
| JESSICA MITCHELL, individually And on behalf of all others similarly situated, | CASE NO.: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | <u>**JURY TRIAL DEMANDED**</u> |
| NURSECON AT SEA, LLC and ROYAL CARIBBEAN INTERNATIONAL | |
| Defendants. | |

_____/

## <u>CLASS ACTION COMPLAINT</u>

Plaintiff Jessica Mitchell brings this action on behalf of herself and all others similarly situated against Defendants NurseCon at Sea, LLC and Royal Caribbean International.  The Defendants are attempting to use the Coronavirus Disease 2019 ("COVID-19") pandemic as a profiteering vessel to steal money from nurses, the very people who deserve our support now more than ever.  NurseCon is conning nurses out of their deposits for a cruise that is cancelled due to COVID-19. The founder of NurseCon, "Nurse Blake" an on-line personality, has captained the plot to steal the cruise fee ($2,578.00 per person) from the nurses (1500 nurses). What makes matters even worse in this nightmarish time is that "Nurse Blake" a self-proclaimed comedian thinks this is funny.

Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

## FACTS COMMON TO ALL CAUSES OF ACTION

1.      This is a class action brought on behalf of all people who paid the cost of the "Ultimate Nursing Conference", designed and managed by Defendant NurseCon at Sea, LLC and hosted by Royal Caribbean International.  These people lost the benefits of the costs and the services for which they had paid, for a specific event to take place on the proposed and scheduled dates, based upon the world-wide COVID-19 pandemic.  Defendants have responded to the pandemic and the resulting cancellation of its event by retaining the unearned costs and fees, implementing a policy whereby it refuses to grant any refunds to its participants.

2.      In or around March 2020, an individual that calls himself "Nurse Blake", announced that the scheduled nursing conference, NurseCon at Sea 2020, had been cancelled and no refunds would be provided.  Instead, NurseCon is only offering a credit that must be used for a future NurseCon at Sea event between 2021 and 2023.  In other words, despite the convention and cruise being canceled due to COVID-19, the nurses will not be getting their money back.  Instead, NurseCon is choosing to withhold their money (and getting credit for 125% of the money collected) for the next 1 - 3 years and forcing them to be applied to a future convention for which the details are unknown and will be for a different date and different destination than the previously scheduled event.

3.     The nursing industry is currently on the frontlines fighting through this public health crisis while NurseCon and Royal Carribean are using the pandemic for their own financial gain. There is no reason for Plaintiff and members of the class to have their money withheld.  This is particularly so in the face of the dangers, risks, and financial uncertainty associated with the pandemic.  In addition, the services that their fees were intended to cover are no longer available to them.  Many cruise ships chose to end boarding in order to avoid exposure to COVID-19, and they have stayed compliant with local, state and federal governments.  NurseCon at Sea and Royal Caribbean, on the other hand, are financially benefiting from the cancellation.

4.     Despite the cancellation, Defendants have not offered refunds to Plaintiff or other nurses for the costs associated with the cancelled convention.  Defendants are, in essence, profiting from this pandemic.

5.     The decision to cancel or reschedule the event was a responsible decision to make, but it is unfair and unlawful for Defendants to retain and withhold unearned fees and costs, passing the losses on to the consumers and their families.  In this specific case, the consumers who are at a loss are nurses who unvaryingly hold the "essential" status during this pandemic and hold front line working positions treating and caring for patients who may or may not have been exposed to the virus. Other institutions across the United States that likewise have had to cancel due to the pandemic have recognized the upheaval and financial harm befalling consumers and their families from these decisions, and they have provided appropriate refunds.  That's the right thing to do. Defendants, unfortunately, have taken the opposite approach.

6.    Accordingly, Defendants have improperly retained monies paid by Plaintiff and the other Class members for the costs for the nursing convention, despite the cruise and convention being cancelled.  Even if Defendants claim that it did not have a choice, it nevertheless has improperly retained funds for services it is not immediately providing.  No matter the excuse, Defendants' actions are unlawful and unfair, and equity demands disgorgement of the fees and monies paid.

7.    Plaintiff brings this class action for injunctive, declaratory, and equitable relief, and for any other available remedies resulting from Defendants' illegal, unfair, or deceptive conduct related to retaining the costs of the cruise and convention fees paid by Plaintiffs and the other Class members.

8.    This lawsuit seeks disgorgement of all monies that Plaintiff and the other Class members paid toward the cruise and convention that is now canceled.

## **PARTIES**

9.    Plaintiff Jessica Mitchell is a citizen of Texas, residing in San Antonio.  Ms. Mitchell is a nurse who paid for an event called NurseCon at Sea 2020.

10.    Defendant, NurseCon at Sea, LLC, is located in Sanford, Florida.

11.    Defendant, Royal Caribbean International, is a cruise line based in Miami, Florida and does business all over the United States.

12.    NurseCon at Sea, Defendant, is designed by Nurse Blake "for nurses and nursing students to learn, share, interact, and party!"[1]  The cruise is hosted through Royal Caribbean and peddles a private cruise ship and private island location through a five-day and four-night cruise all aboard Royal Caribbean's Independence of the Seas. Nurses and nursing students chose from an assortment of rooms and package deals for the festival-like-convention.

---

[1] https://www.nursecon.com/

4

13.     Plaintiff registered for the convention with Defendants on May 23, 2019 for a total cost of $2,578.00. Plaintiff paid $198.00 as the down payment and committed to monthly payments of $119.00 a month until the entire balance is paid in full.

14.     Plaintiff has been making monthly payments to Defendants of $119.00 since June of 2019.

15.     On March 13, 2020, President Trump issued a Proclamation Declaring a National Emergency Concerning the Coronavirus Disease (COVID-19) Outbreak.

16.     On March 16, 2020, President Trump and the Center for Disease Control and Prevention ("CDC") issued guidance to slow the spread of the virus, advising individuals of social distancing measures such as avoiding gatherings of more than 10 people, and recommending restrictions for establishments tending to attract mass gatherings.

17.     Defendant, NurseCon, formally announced the NurseCon At Sea 2021 without any announcement or cancelation of the 2020 NurseCon at Sea event due to the COVID 19 pandemic.

18.     Defendant, NurseCon, informed Plaintiff and all other nurses that it would reschedule the event to 2021 despite the limited knowledge of this pandemic's resolution date and notwithstanding official recommendations of social distancing and the avoidance of groups of 10 or more people for the unforeseeable future.

19.     Despite the event being cancelled for the 2020 year, Defendants have refused to issue any refunds of the cruise and convention fees pre-paid by Plaintiff.

20.     When Plaintiff publicly voiced her concerns about the cancellation and began asking questions relating to refunds of the event to the founder of NurseCon at Sea event, Nurse Blake, Plaintiff was blocked from viewing or interacting with any social media relating to the purported influencer, Nurse Blake.

21.     Plaintiff continues to suffer imminent harm so long as Defendants refuse to refund any fees pre-paid for the cancelled 2020 convention.

## JURISDICTION AND VENUE

22.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed Class are in excess of $5,000,000, exclusive of interest and costs, and most members of the proposed Class are citizens all over America.

23.     This Court has general jurisdiction over Defendants, which conducts substantial business within Florida, and thus has significant, continuous, and pervasive contacts with the State.

24.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because the challenged fee practices have been committed in this District.

## CLASS REPRESENTATION ALLEGATIONS

25.     Plaintiff brings this action as a class action under Federal Rule of Civil Procedure 23(a), (b)(2), (b)(3) as a representative of the following class:

> All people who paid the costs of NurseCon at Sea 2020 whose money was withheld after cancellation of the event due to COVID-19.

26.     Plaintiff reserves the right to amend or modify the Class definition with greater specificity or further division into subclasses or limitation to particular issues, as discovery and the orders of this Court warrant.

27.     Excluded from the Class are the Defendants, the officers and directors of the Defendants at all relevant times, members of Defendants' immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest.

28.     Plaintiff is a member of the Class she seeks to represent.

6

29.     Defendants have thousands of customers that have paid fees and costs for an event that was cancelled, and cruise ships ordered to stay docked. Accordingly, members of the Class are so numerous that their individual joinder herein is impracticable. The precise number of Class members and their identities are unknown to Plaintiff at this time, but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of both Defendants.

30.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to, whether Defendants have refused to offer refunds and whether it has breached its contracts with its customers or otherwise acted unlawfully.

31.     The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff was charged fees and suffered losses.

32.     Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with the interests of the Class members Plaintiff seeks to represent, Plaintiff has retained competent counsel experienced in prosecuting class actions, and Plaintiff intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

33.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### Florida Consumer Collection Practices Act

34.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint.

35.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

36.     At all times relevant to this action Defendants are subject to and must abide by the law of Florida, including Florida Statute § 559.72.

37.     Defendants have violated Florida Statute § 559.72(7) by willfully engaging in other conduct which could reasonably be expected to abuse or harass the debtor Plaintiff or any member of her family.

38.     Defendants have violated Florida Statute § 559.72(9) by attempting to enforce a debt when Defendant knows that the debt is not legitimate, or to assert the existence of some legal right when Defendants knows that right does not exist.

39.     Defendants' actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

## COUNT II
### Breach of Implied Covenant of Good Faith and Fair Dealing

40.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint.

41.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

42.      Defendants breached its implied covenant of good faith and fair dealing by:

    a. Unfairly and in bad faith claiming that simply rescheduling the event is an option for Plaintiff and proposed Class members.

    b. Unfairly representing there is nothing that can be done except to reschedule the cruise.

    c. Unfairly and in bad faith refusing to refund any monies paid by the Plaintiff and proposed class which remain unused as a result of the COVID-19 pandemic.

43.     As a result of Defendants' breach of its implied covenant of good faith and fair dealing as set forth above, Plaintiff and the proposed Class members have been damaged.

## COUNT III
### Unjust Enrichment

44.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint.

45.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

46.     Plaintiff and members of the Class conferred benefits on Defendants by paying the costs of the convention despite the cancelled NurseCon at Sea 2020 event.

47.     Defendants have knowledge of such benefits.

48.     Defendants has been unjustly enriched in retaining the revenues derived from Plaintiff and Class members' payments.  Retention of those moneys under these circumstances is unjust and inequitable because Defendants charged its customers full price of an event including room, board, and fees of which Plaintiff and class members cannot reasonably avail themselves until further notice.

49.     Because Defendants' retention of the non-gratuitous benefits conferred on it by Plaintiff and members of the Class is unjust and inequitable, Defendants must pay restitution to Plaintiff and members of the Class for their unjust enrichment, as ordered by the Court.

**COUNT IV**
**Conversion**

50.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint.

51.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

52.     Defendants deprived Plaintiff and the other members of the Class of the value they paid for themselves (or the nurses on whose behalf they paid for) of their right to the services and amenities provided from the event that is no longer taking place in the year 2020.

53.     Plaintiff and members of the Class had a right to a refund of their fees and costs while the events and cruise ships catered to were and remain cancelled; Defendants intentionally refused issuance of any refund after the cruise was cancelled; Plaintiff and Class members were harmed through Defendants' unlawful retention of the monies; Defendants' conduct was a substantial factor in causing Plaintiff and Class members' harm.

54.     Plaintiffs and members of the Class are entitled to the return of the unused amounts paid for any and all costs associated with the cruise and convention.

## COUNT V
## Money Had and Received

55.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint.

56.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

57.     Defendants received money in the form of room and fee payments that was intended to be used for the benefit of Plaintiff and the Class; however, those fees were not used for the benefit of Plaintiff and the Class, and Defendants have not given back or refunded the wrongfully obtained money and fees to Plaintiff and the Class.

## Prayer for Relief

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

a.  For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class, and Plaintiff's attorneys as Class Counsel to represent the Class members;

b.  For an order declaring that Defendants' conduct violates the statutes and laws referenced herein;

c.  For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

d.  For statutory, compensatory and punitive damages in amounts to be determined;

e.  For prejudgment interest on all amounts awarded;

f.   For an order of restitution and all other forms of equitable monetary relief;

g.  For injunctive relief as pleaded or as the Court may deem proper; and

h.   For an order awarding Plaintiff and the Class their reasonable attorneys' fees, litigation  expenses, and costs of suit.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

*/s/ William "Billy" Peerce Howard, Esq.*
William "Billy" Peerce Howard, Esquire
Amanda J. Allen, Esquire
Florida Bar No. 0098228
Florida Bar No. 0103330
THE CONSUMER PROTECTION FIRM
4030 Henderson Boulevard
Tampa, FL 33629
Telephone: (813) 500-1500
Facsimile: (813) 435-2369
Billy@TheConsumerProtectionFirm.com
Amanda@TheConsumerProtectionFirm.com
***Attorneys for Plaintiff***