**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

JESSICA MITCHELL and
KENNETH COMBS Jr., individually
And on behalf of all others similarly
situated,

    Plaintiffs,
v.

NURSECON AT SEA, LLC and ROYAL
CARIBBEAN INTERNATIONAL

    Defendants.
                                         /

CASE NO.: 1:20-cv-21503-UU

## PLAINTIFFS' NOTICE OF VOLUNTARY DISMISSAL UNDER RULE 41(a)(1)(A)(i), AND ALTERNATIVE MOTION FOR VOLUNTARY DISMISSAL

Plaintiffs Jessica Mitchell and Kenneth Combs Jr., each individually and in their representative capacities hereby give notice, and in the alternative, move this Court to dismiss the above-captioned matter pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) and/or 41(a)(2), and in support thereof respectfully state the following:

On April 16, 2020, Plaintiffs filed their Amended Class Action Complaint against Defendants Royal Caribbean Cruises LTD and NurseCon at Sea, LLC. Defendants both filed Motions to Dismiss on June 29, 2020. In its motion, Royal Caribbean purports to alternatively move for summary judgment against Plaintiff Mitchell. (Doc. 27).

Pursuant to Rule 41(a)(1)(A)(i), Plaintiffs may dismiss this action without a court order via the filing of a notice "before the opposing party serves either an answer or a motion for summary judgment." Accordingly, dismissal of Defendant NurseCon by notice this is indisputably proper.

Defendant Royal Caribbean's motion seeks relief "pursuant to Rules 12(b)(1), 12(b)(6), and, *if necessary*, Rule 56 of the Federal Rules of Civil Procedure." (Doc. 27 at 1) (emphasis added). It lodges a factual challenge to the Court's jurisdiction under Rule 12(b)(1), providing a declaration in support of that attack. (*Id*. at 4, 9). Further, Royal Caribbean's motion concedes that its thrust is jurisdictional and not to the merits under Rule 56: "Given that RCCL's challenge to this Court's subject matter jurisdiction does not implicate the merits of Plaintiffs' claim, but instead relates solely to a class action waiver provision within a document under which Plaintiffs have not sued, the court is free to consider matters outside the pleadings." (*Id*. at 10 n.2).

Indeed, while Royal Caribbean's motion acknowledges this Court's *discretion* to convert the motion to one seeking summary judgment, (*id*. at 16, 16 n.5), this Court has not yet exercised that discretion. Under these circumstances, dismissal via notice under Rule 41(a)(1)(A)(i) remains proper. *See, e.g.*, *Swedberg v. Marotzke*, 339 F.3d 1139, 1146 (9th Cir. 2003) ("A Rule 12(b)(6) motion to dismiss supported by extraneous materials cannot be regarded as one for summary judgment until the district court acts to convert the motion by indicating, preferably by an explicit ruling, that it will not exclude those materials from its consideration. Until the district court has so acted, a plaintiff is free to file a proper notice of dismissal pursuant to Rule 41(a)(1)."); *Finley Lines Joint Protective Bd. Unit 200, Broth. Ry. Carmen, a Div. of Transp. Communications Union v. Norfolk S. Corp*., 109 F.3d 993, 997 (4th Cir. 1997) ("hold[ing] that a Rule 12(b)(6) motion to dismiss supported by extraneous materials cannot be regarded as one for summary judgment until the district court acts to convert the motion by indicating that it will not exclude from its consideration of the motion the supporting extraneous materials," and therefore finding a notice of voluntary dismissal under Rule 41(a)(1) was proper); *Aamot v. Kassel*, 1 F.3d 441, 444–45 (6th Cir. 1993) (same); *Ellis v. Medows*, 4:07-CV-167-ODE, 2007 WL 9710787, at *2 (N.D. Ga. Nov.

9, 2007) ("The Eleventh Circuit has never squarely addressed the intersection of Rule 12(b)(6) and Rule 41(a)(1)(i). Of those circuits that have addressed the issue, a majority has held that a party's 'unilateral action ... [is] insufficient to cause a conversion. . . .'  Here, the Court has not taken any such step to convert Peach State's motion to dismiss into a motion for summary judgment. Therefore, the Court rejects Peach State's argument that Plaintiffs' ability to dismiss the action pursuant to Rule 41(a)(1)(i) was eviscerated because their motion to dismiss was converted into a motion to summary judgment.") (quoting *Swedberg*, 339 F.3d at 114) (second ellipses added).

To the extent the Court finds dismissal via notice is not proper, and in the alternative to the above, Plaintiffs move to voluntarily dismiss their claims against Royal Caribbean pursuant to Federal Rule of Civil Procedure 41(a)(2).  Under Rule 41(a)(2), an action may be dismissed at the plaintiff's request by court order, on terms that the court considers proper.  The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2). *Potenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (citing *McCants v. Ford Motor Co.*, 781 F. 2d 855, 857 (11th Cir. 1986)). "In most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result. The crucial question to be determined is, would the defendant lose any substantial right by the dismissal." *Id.* (citing *McCants*, 781 F.2d at 857). A voluntary dismissal shall be deemed without prejudice unless otherwise specified by the court. *Id.*; *see also Arias v. Cameron*, 776 F.3d 1262, 1268 (11th Cir. 2015) ("The default under Rule 41(a)(2) is that a dismissal thereunder is without prejudice.").

In light of the early procedural posture of this case, Defendants' interests will not be adversely affected by dismissal of this action.  Discovery has yet to commence and Plaintiffs have not previously dismissed an action containing any of the claims asserted against Defendants, either

in federal or state court.  Plaintiffs thus submit that no terms or conditions need be imposed in order to dismiss this case without prejudice.

WHEREFORE, in the alternative, Plaintiffs respectfully request the Court enter an order dismissing this case without prejudice, with each side to bear its own attorney's fees and costs.

Respectfully submitted,

*/s/ John A. Yanchunis .*
John A. Yanchunis (Florida Bar No. 3246810)
Patrick A. Barthle (Florida Bar No. 99286)
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 N. Franklin St., 7th Floor
Tampa, FL 33602
jyanchunis@forthepeople.com
pbarthle@forthepeople.com


William Peerce Howard (Florida Bar No. 0103330)
Amanda J. Allen, Esquire (Florida Bar No. 0098228)
**THE CONSUMER PROTECTION FIRM**
4030 Henderson Boulevard
Tampa, FL 33629
Billy@TheConsumerProtectionFirm.com
Amanda@TheConsumerProtectionFirm.com


*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 27, 2020, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all attorneys of record in this matter.

/s/ John A. Yanchunis